IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

H. DENNIS LONG,

    Plaintiff,

v.                                                     Civil Action No. 5:06CV162
                                                                            (STAMP)

HOWARD W. LONG, WENDY F. LONG,
H.L. REAL ESTATE, INC.,
a West Virginia S corporation,
LDL INVESTMENTS, INC.,
a California C corporation,
KGM HARVESTING CO.,
a California C corporation,
TRIADELPHIA, INC.,
a West Virginia S corporation,
HOWARD LONG INTERNATIONAL, INC.,
a Florida S corporation,
HOWARD LONG CO., INC.,
a Florida S corporation,
J.W. LONG INTERNATIONAL LIMITED PARTNERSHIP,
a Nevada limited partnership,
J.W. LONG & ASSOCIATES, LTD.,
a Jersey Islands limited corporation,
OELLA CONSULTING, LLC,
a Florida limited liability company,
OELLA CAPITAL, LLC,
a Florida limited liability company,
and JOHN DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

I. <u>Procedural History</u>

    The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants in which the defendants assert that federal jurisdiction is grounded in diversity of citizenship. The action was commenced in the Circuit

Court of Ohio County, West Virginia where the plaintiff filed a complaint and an amended complaint. The plaintiff, H. Dennis Long, asserts various claims including breach of contract and intentional torts against his father, Howard W. Long, his step-mother, Wendy F. Long, and several Long family business ventures. Following removal of the action, the defendants filed a motion to dismiss to which the plaintiff responded and the defendants replied. Also before the Court is the plaintiff's fully briefed motion to remand. For the reasons that follow, the plaintiff's motion to remand is granted and the defendants' motion to dismiss is denied as moot.

## II. Facts

H. Dennis Long alleges that his father, Howard W. Long, promised to set up a $10,000,000.00 trust for his benefit and to pay him one-half of the profits of the Long family business ventures, including, but not limited to the following businesses named as defendants in this action: H.L. Real Estate, Inc.; LDL Investments, Inc.; KGM Harvesting Co.; Triadelphia, Inc.; Howard Long International, Inc.; Howard Long Co., Inc.; J.W. Long International Limited Partnership; J.W. Long & Associates, Ltd.; Oella Consulting, LLC; and Oella Capital, LLC. H. Dennis Long contends that Howard W. Long breached an oral contract with him to create the trust account and to pay him one-half of the family business profits. Additionally, H. Dennis Long asserts that he relied to his detriment on the promises of his father by continuing

2

to work for his father and foregoing other employment opportunities. H. Dennis Long also asserts that his step-mother has intentionally interfered with his expectancy interest in receiving an inheritance from his father.

As relief, H. Dennis Long seeks an accounting of his partnership interest in the family business ventures, a one-half interest in the profits of the Long family business ventures, an order of specific performance for the creation of a $10,000,000.00 trust for the benefit of H. Dennis Long and his family, a portion of the estate of Howard Long, and punitive damages.

### III. Applicable Law

A. Motion to Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states (the "diversity of citizenship" requirement) where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Diversity of citizenship between the parties must be complete in order for jurisdiction to be conferred on the federal courts. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). In order for complete diversity to be established, none of the defendants can be

a citizen of the same state as any of the plaintiffs. Id. Additionally, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

B. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

## IV. Discussion

### A. Motion to Remand

The plaintiff argues that this case should be remanded to the Circuit Court of Ohio County, West Virginia because the individual defendants, Howard and Wendy Long, are citizens of West Virginia, the state in which this action was brought, and thus violate the no-local-defendant rule established by 28 U.S.C. §1441(b). In the alternative, the plaintiff argues that this Court should decline to exercise jurisdiction because the State of West Virginia has a substantial interest in having the issues raised in this action decided in state court.

A case may be removed to federal court on the basis of diversity jurisdiction only if: (1) the parties are completely diverse, (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and (3) none of the properly joined and served defendants is a citizen of the state in which the suit is brought. See 28 U.S.C. §§ 1332, 1441(a)-(b). The no-local-defendant rule established by § 1441(b) does not qualify the requirement of complete diversity. Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981). Rather, "it further limits jurisdiction based on diversity of citizenship" by requiring that defendants who have been <u>served</u> cannot reside in the forum state. Id. Thus, "the residency limitation of § 1441(b) is not triggered unless, and until, there is diversity jurisdiction."

5

Wensil v. E.I. Dupont de Nemours & Co., 792 F. Supp. 447, 448 (D.S.C. 1992); see also Wagstaffe, Tashima, & Schwarzer, Federal Civil Procedure Before Trial, § 2:641 (2006).

It is undisputed that H. Dennis Long is a resident of North Carolina and that the amount in controversy exceeds the jurisdictional minimum. The parties disagree, however, as to the residency of the individual defendants, Howard and Wendy Long. The defendants contend that Howard and Wendy Long are residents of Florida, while the plaintiff contends that they are residents of West Virginia. It is unnecessary to reach this issue, however, because defendants, H.L. Real Estate, Inc. and Triadelphia, Inc. are West Virginia subchapter S corporations and were not fraudulently joined in this action.

For the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). H.L. Real Estate, Inc. and Triadelphia, Inc. are incorporated as West Virginia subchapter S corporations. "While an S corporation is treated differently for taxation purposes, it remains a corporation in all other ways." Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel, 20 F.3d 1311, 1318 (4th Cir. 1994). An election under subchapter S of the Internal Revenue Code only affects a corporation's and its shareholders' tax liability; it does not

affect a determination of citizenship for the purposes of diversity jurisdiction. See Taber Partners I v. Ins. Co. of N. Am., Inc., 798 F. Supp. 904 (D.P.R. 1992), reversed on other grounds by Taber Partners I v. Merit Builders, Inc., 987 F.2d 57 (1st Cir. 1993). Accordingly, H.L. Real Estate, Inc. and Triadelphia, Inc. are citizens of West Virginia and this case must be remanded pursuant to the no-local-defendant rule established by 28 U.S.C. § 1441(b) unless the defendants can show that H.L. Real Estate, Inc. and Triadelphia, Inc. were fraudulently joined.

In order to establish that a nondiverse defendant has been fraudulently joined in an attempt to defeat removal, the removing party must establish either: (1)"outright fraud in the plaintiff's pleading of jurisdictional facts" or (2) that "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). The party alleging fraudulent joinder bears a significant burden of proof. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

In this case, the individual defendants assert that in none of the counts of the complaint has the plaintiff articulated any claim against the defendant corporations. Rather, the individual

defendants argue that the only claims set forth in the complaint are against Howard and Wendy Long or against an alleged partnership. This Court disagrees.

In Count Seven of the amended complaint, the plaintiff contends that he is entitled to an accounting of his partnership interest in the family business ventures. The individual defendants argue that if the plaintiff were awarded an accounting, the corporate defendants would at most be third-party witnesses because the plaintiff is actually seeking an accounting against an alleged partnership or joint venture which holds an interest in the various corporate defendants. However, a plain reading of Count Seven reveals that the plaintiff seeks "an accounting of his partnership interest in the <u>family business ventures</u>." Because the corporate defendants constitute some of the family business ventures, a possibility exists that the plaintiff may have a cause of action for an accounting against those defendants. Accordingly, the individual defendants have failed to satisfy their burden of proving that the plaintiff has no possibility of being awarded an accounting from the corporate defendants and those defendants must be included for purposes of determining diversity jurisdiction. Because H.L. Real Estate, Inc. and Triadelphia, Inc. were properly joined and served in this action and are citizens of West Virginia, 28 U.S.C. §1441(b) prohibits removal and this case must be remanded to the Circuit Court of Ohio County, West Virginia.

B.  Motion to Dismiss

Lacking subject matter jurisdiction, this Court does not reach the defendants' arguments in support of dismissal for failure to state a claim. Accordingly, the defendants' motion to dismiss is denied as moot.

V.  Conclusion

The plaintiff's motion to remand is GRANTED[1] and the defendants' motion to dismiss is DENIED AS MOOT.[2] It is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

---

[1] Of course, upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, the defendant may file a second notice of removal. 28 U.S.C. § 1446(b). The case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. Id.

[2] This ruling is without prejudice as defendants may if they wish refile the motion to dismiss, if appropriate, in the state court.

DATED:      August 16, 2007


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE